# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky
Louisville Division

| | | |
|---|---|---|
| Sherri Daniel-Swann | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  3:19-cv-525-GNS |
| | ) | |
| GC Services Limited Partnership-Delaware | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W. Main Street, Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Pennsylvania Higher Education | ) | |
|    Assistance Agency | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     The Corporation Trust Company | ) | |
|     Corporation Trust Center | ) | |
|     1209 Orange Street | ) | |
|     Wilmington, DE 19801 | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is a complaint by Plaintiff Sherri Daniel-Swann for Defendants' separate violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d); and the FCRA 15 U.S.C. §§ 1681n and 1681o. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Plaintiff occurred within Jefferson County, Kentucky which is located within this District.

## PARTIES

3.     Plaintiff Sherri Daniel-Swann is a natural person who resides in Jefferson County, Kentucky and is a "consumer" within the meaning of the FCRA as defined at 15 U.S.C. § 1681a(c).

4.     Defendant GC Services Limited Partnership-Delaware ("GC Services") is a foreign limited partnership with its principal place of business located at 6330 Gulfton Street Houston, TX 77081. GC Services has registered with the Kentucky Secretary of State and is engaged in the business of collecting debts from Kentucky citizens and consumers on the behalf of creditors.

5.     GC Services is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6.     Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") is a foreign corporation, with its principal place of business located in Harrisburg, Pennsylvania. PHEAA is an inactive corporation in bad standing with the Kentucky Secretary of State and a furnisher and user of consumer information within meaning of the FCRA.

7.     During the time period applicable to the events set forth in this complaint PHEAA operated as a debt collection agency for the U.S. Dept. of Education pursuant to contract which regular business included collecting and attempting to collect debts due another. PHEAA's principal purpose is the collection of debt within the meaning of the FDCPA and PHEAA is a "debt collector" within the meaning of the FDCPA.

## STATEMENT OF FACTS

8.     Like many other of her fellow citizens, Plaintiff Sherri Daniel-Swann ("Daniel-Swann") took out student loans to pay for college.

9.     Ms. Daniel-Swann used her student loans exclusively for personal, family, or household purposes, which makes her student loan debt a "debt" within the meaning of the FDCPA.

10.     Ms. Daniel-Swann attended Mountain State University in Beckley, West Virginia.

11.     Mountain State University ceased operations as of January 1, 2013 after its accreditation was revoked.[1]

---

[1] See "Public Disclosure Notice—Mountain State University," December 18, 2012, Higher Learning

12.     In February 2019, Defendant GC Services Limited Partnership-Delaware ("GC Services") sent Ms. Daniel-Swann a collection letter on behalf of Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA").

13.     GC Services' letter alarmed Ms. Daniel-Swann because of the large amount demanded, which was in excess of $68,000.

14.     Ms. Daniel-Swann sent GC Services a timely debt-dispute-and-validation letter under the FDCPA pursuant to 15 U.S.C. § 1692g.

15.     In response to her letter, GC Services, on behalf of PHEAA, sent Ms. Daniel-Swann a letter dated March 6, 2019 that included a purported "breakdown" of her account balance that noted current balance due of $68,555.77 which amount included "Collection Costs Projected" in the amount of $10,946.29.

16.     GC Services' representation that projected collection costs were currently due and owing was false in misleading.

17.     In addition to the "breakdown," GC Services included two FFELP Promissory Notes, one of which was for $1,476 and the other noted no loan amount whatsoever.

18.     Consequently, GC Services' response failed to verify the amount of the debt due as required by the FDCPA, 15 U.S.C. § 1692g.

19.     PHEAA is reporting negative credit information about Ms. Daniel-Swann and at least twenty (20) different student loans totaling $80,445 as of March 2019.

20.     Ms. Daniel-Swann, with the assistance of counsel, sent dispute letters to the three main consumer reporting agencies ("CRA's"): Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

21.     The dispute letters disputed the amount of the PHEAA tradelines, and in particular that the amount being reported was inconsistent with the amount of the student-loan debt included in GC Services' debt-validation response and that the amount listed included projected collection costs.

---

Commission of the North Central Association of Colleges and Schools (https://www.hlcommission.org/download/_PublicDisclosureNotices/Mountain_State_University.pdf; last accessed July 17, 2019).

22.     Upon receipt of Ms. Swann's dispute, the CRA's had an affirmative duty under 15 U.S.C. § 1681i(2) to send PHEAA prompt notice of Ms. Swann's dispute within five (5) business days of receiving each dispute.

23.     The CRA's notified PHEAA of Ms. Daniel-Swann's dispute, which thereby triggered PHEAA's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

24.     PHEAA failed to conduct a reasonable investigation into Ms. Daniel-Swann's dispute concerning the negative credit information PHEAA is furnishing about Ms. Daniel-Swann and the multiple student-loan tradelines furnished by PHEAA.

25.     PHEAA erroneously and falsely verified the accuracy of the PHEAA student-loan tradelines.

26.     As a result of PHEAA's failure to conduct a reasonable investigation of Ms. Swann's dispute, PHEAA continued to furnish false negative credit information to Equifax, Experian, and Trans Union concerning Ms. Daniel-Swann and the PHEAA student-loan tradelines.

27.     PHEAA's failure to correct and update Ms. Daniel-Swann's consumer credit report has adversely affected Ms. Daniel-Swann by allowing false, negative credit information to appear on her consumer credit report, which negatively impacts Ms. Daniel-Swann 's creditworthiness and credit score and has caused her to be denied credit and has caused her great deal of anxiety, frustration, and mental upset.

28.     GC Services violated the FDCPA by **(i)** failing to provide proper verification and validation of Ms. Daniel-Swann's debts; **(ii)** misrepresenting "future collection costs" as presently due and owing; **(iii)** attempting to collect projected future collection costs from Ms. Daniel-Swann that neither GC Services nor PHEAA had a present right to collect from her; **(iv)** misrepresenting the status and amount of Ms. Daniel-Swann's student-loan debts to PHEAA; **(v)** continuing to attempt to collect a debt from Ms. Daniel-Swann without providing proper verification of the debt; and **(vi)** attempting to collect sums, fees, and/or costs from Ms. Daniel-Swann that she does not owe and that PHEAA has no legal or contractual right to collect from her, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

29.     PHEAA violated the FDCPA by **(i)** furnishing false and inaccurate credit information about Ms. Daniel-Swann and the multiple student-loan tradelines to one or more CRA's; **(ii)** attempting to collect projected future collection costs from Ms. Daniel-Swann that neither GC Services nor PHEAA had a present right to collect from her; **(iii)** misrepresenting the status and amount of Ms. Daniel-Swann's student-loan debts; and **(iv)** attempting to collect sums, fees, and/or costs from Ms. Daniel-Swann that she does not owe and that PHEAA has no legal or contractual right to collect from her, which violations each created a material risk of harm to the

interests recognized by Congress in enacting the FDCPA.

30.     PHEAA violated the FCRA by failing to conduct a reasonable investigation of Ms. Daniel-Swann's disputes filed with the CRA's which failure is evidenced by the fact that Ms. Daniel-Swann's credit reports she reviewed *after* the processing of her disputes continued to include multiple student-loan tradelines furnished by PHEAA that totaled the same or more than the pre-dispute amounts.

## CLAIMS FOR RELIEF

**I.      Claims against GC Services Limited Partnership-Delaware**

31.     The foregoing acts and omissions of Defendant GC Services Limited Partnership-Delaware ("GC Services") constitute violations of the FDCPA, including but not limited to violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; 15 U.S.C. § 1692g; and one or more subsections of each statute.

**II.     Claims against Pennsylvania Higher Education Assistance Agency**

**A.      Violations of the FDCPA**

32.     The foregoing acts and omissions of Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") constitute violations of the FDCPA, including but not limited to violations of 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; and one or more subsections of each statute.

**B.      Violations of the FCRA**

33.      The foregoing acts and omissions of Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") violate the FCRA.

34.     After being informed by the CRA's that Ms. Daniel-Swann disputed the accuracy of the credit information it was providing concerning Ms. Daniel-Swann and the PHEAA debt, PHEAA willfully failed to conduct a proper investigation of Ms. Daniel-Swann's disputes filed with the CRA's that PHEAA was furnishing false negative credit information about Ms. Daniel-Swann and the PHEAA student-loan tradelines.

35.     PHEAA willfully failed to review all relevant information purportedly provided by one or more CRA's to PHEAA in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

36.     PHEAA willfully failed to direct the CRA's to delete inaccurate information and/or information about which the accuracy could not be confirmed about Ms. Daniel-Swann pertaining to the PHEAA student-loan tradelines as required by 15 U.S.C. §1681s-2(b)(C).

37.     Ms. Daniel-Swann has a private right of action to assert claims against PHEAA arising under 15 U.S.C. §1681s-2(b).

38.     PHEAA is liable to Ms. Daniel-Swann for the actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact or up to $1,000.00 in statutory damages, whichever is greater, and an award of punitive damages in an amount to be determined by the trier of fact and her reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

39.     Alternatively, PHEAA's conduct, actions and inactions were grossly negligent or negligent rendering PHEAA liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sherri Daniel-Swann requests that the Court grant her the following relief:

1.     Award Plaintiff the maximum amount of statutory damages against each Defendant under the FCRA, 15 U.S.C. §1681n and the FDCPA, 15 U.S.C. § 1692k;

2.     Award Plaintiff her actual damages under 15 U.S.C. § 1692k and 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

3.     Award Plaintiff punitive damages against PHEAA under the FCRA, 15 U.S.C. § 1681n;

4.     Award Plaintiff her attorney's fees, litigation expenses and costs;

5.     A trial by jury; and

6.     Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:     (502) 257-7309
jmckenzie@jmckenzielaw.com

James Hays Lawson
*Lawson at Law, PLLC*

115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com